(998 P.2d 121)

No. 81,806

STATE OF KANSAS, *Appellee*, v. MARLIN D. WILLIAMS, *Appellant*.

Opinion filed February 18, 2000.

*Steven R. Zinn*, deputy appellate defender, and *Jessica R. Kunen*, chief appellate defender, for appellant.

*Charles R. Reimer*, assistant district attorney, *Nola Foulston*, district attorney, and *Carla J. Stovall*, attorney general, for appellee.

Before ELLIOTT, P.J., LEWIS, J., and PADDOCK, S.J.

ELLIOTT, J.: Marlin D. Williams was convicted of numerous traffic offenses, including three counts of driving after being declared a habitual violator; he appeals, raising numerous issues.

We affirm in part and reverse in part.

Williams first argues the trial court erred in denying his motion in limine, contending the trial court should have excluded any evidence of his prior driving offenses which gave rise to his habitual violator status. The prior offenses tended to show he knew he had been deemed a habitual violator and that Williams had changed his address many times without notifying the State, as required. Those factors were important to the State's case. See *State v. Lewis*, 263 Kan. 843, 847, 953 P.2d 1016 (1998).

The trial court did not abuse its discretion in denying the motion in limine. See *State v. Davidson*, 264 Kan. 44, 56, 954 P.2d 702 (1998); *State v. Bornholdt*, 261 Kan. 644, 659, 932 P.2d 964 (1997).

In 1996, Williams was charged with four driving-related offenses including driving while a habitual violator. The trial court ruled the habitual violator statute was unconstitutional. The State dismissed

the other three counts and appealed. The Supreme Court reversed and remanded, ruling the statute was constitutional. The three counts dismissed by the State were never refiled.

Nonetheless, those three counts were sent to the jury, which convicted Williams on all three counts. The State did not comply with K.S.A. 1998 Supp. 22-3201(e). Those three convictions—no proof of insurance, driving a vehicle without appropriate tags, and failure to wear a seat belt—must be reversed.

Next, Williams lodges numerous complaints about instruction No. 10, which stated: "Deliberate ignorance of Mr. Williams' status as a habitual violator resulting from his acts or failure to act with a conscious purpose to avoid notification of such status constitutes actual knowledge of such status." First, he argues the instruction created an unconstitutional mandatory presumption. No objection was lodged on this theory; thus, we review the argument on a clearly erroneous standard. See *State v. Henry*, 263 Kan. 118, 131, 947 P.2d 1020 (1997).

Instruction No. 10 comports with the language of *Lewis*, 263 Kan. at 858, does not create an impermissible mandatory presumption, and is not clearly erroneous.

Williams also argues the instruction does not properly define "deliberate ignorance." Williams did lodge an objection on this basis, and our review is as stated in *State v. Mims*, 264 Kan. 506, 514, 956 P.2d 1337 (1998). The essence of the instruction is that a finding of deliberate ignorance satisfies the degree of knowledge required by the statute. Accordingly, it fairly states the law.

Williams also contends the instruction should have included the following italicized language: "Deliberate ignorance exists *where a person believes that it is probable that something is a fact* but deliberately shuts his or her eyes or avoids making reasonable inquiry with a conscious purpose to avoid learning the truth." (Emphasis added.) *Lewis*, 263 Kan. 843, Syl. ¶ 8.

If one consciously avoids learning the truth, he or she must necessarily believe it is probable that something of which he or she chooses to remain ignorant is a fact. Even without the italicized words, the instruction fairly states the law.

Finally, Williams claims instruction No. 9 was erroneous because it states as fact that notification was mailed to his last known address. No objection was made at trial; thus, we review by a clearly erroneous standard. See *Henry*, 263 Kan. at 131.

The jury was instructed its job was to find the facts and apply the law to those facts. The instruction indicated that if it found that notification was mailed to Williams' last known address, that finding would support the knowledge element. The instruction is not clearly erroneous and the language is taken directly from the *Lewis* opinion. See 263 Kan. at 859.

The three convictions based on the charges which were voluntarily dismissed are reversed; the convictions for driving while a habitual violator are affirmed.